Argued and submitted May 23, reversed and remanded with instructions June 22, 1983

In the Matter of the Compensation of
Douglas S. Chiapuzio, Claimant.
CHIAPUZIO,
*Petitioner,*
*v.*
SAIF CORPORATION,
*Respondent.*

(WCB Case 80-01301; CA A26187)

665 P2d 356

Samuel A. Hall, Jr., Eugene, argued the cause and filed the brief for petitioner.

Donna M. Parton, Associate Appellate Counsel, SAIF, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant appeals from a decision of the Workers' Compensation Board that reversed the referee's order and reinstated SAIF's denial. Simply put, the issue to be decided is whether the finger of causation for claimant's back condition points more to his "on-the-job" activities as a mill worker *or* more to his "off-the-job" activities as a basketball player. We hold that claimant has met his burden of proving that he has sustained an occupational disease and reverse.

In April, 1979, claimant, while a student at Lewis and Clark College, was working out with weights when he began to notice back pain. Claimant saw his father, who is a physician, for this condition on June 12, 1979. Sometime in mid-June, 1979, he began working for Coos Head Timber Company on the "swede chain." This job required him to sort and pull timber consisting of two by fours, two by sixes, two by tens, and some four by sixes and four by eights, all ranging up to 20 feet in length. After three days, he was transferred to the "green chain," which required him to pull very large timbers ranging in dimensions from three by 12, to six by 24 and up to 30 feet long. After a couple of days on the green chain, he was transferred back to the swede chain, where he continued to work through July, 1979. In August, 1979, he was transferred to the lathe mill which involved substantially lighter work. Claimant left work on August 24 to return to school.

Concurrent with his employment in early July, 1979, claimant began playing in a summer basketball program. He played for periods of one to two hours, three or four times per week. This continued for approximately two weeks before he quit playing basketball on the advice of Dr. Holbert. On July 19, 1979, he was seen by the doctor, who reported that he was doing better and advised him to continue to avoid the summer basketball program. On July 30, 1979, Dr. Holbert again saw him and recommended that he quit doing heavy lifting. On August 13, 1979, the doctor noted that he was somewhat better now that he was doing lighter work at the lathe mill. On September 9, 1979, Dr. Holbert again saw claimant and noted that he had become worse. His condition continued to deteriorate until December, 1979, when he had a laminectomy.

Only two medical opinions have been submitted on the issue of causation. The first is that of Dr. Schostal, who

merely states that it is reasonable to assume that claimant's injury is work related. The second opinion is given in the reports and deposition of Dr. Holbert, the treating physician. He states that both claimant's playing basketball and his lifting at work were aggravating factors in his back condition. He further states: "I think probably the lifting was a greater factor." We find that this meets claimant's burden of proving that his back condition is an occupational disease. *SAIF v. Gygi,* 55 Or App 570, 639 P2d 655 (1982).

Reversed and remanded for reinstatement of the referee's order.